# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE:

**GERMAN ROSADO SANTANA**
**LILLIAN ALEJANDRO DIAZ**

    **Debtor(s)**

**CASE NO. 16-09874 BKT**

**CHAPTER**

**FILED & ENTERED ON 02/26/2019**

## OPINION & ORDER

Before the court's consideration is the remand ordered in the United States District Court for the District of Puerto Rico's Opinion & Order (hereinafter "DPR's Opinion") dated July 30, 2018 [18-1082 (GAG)]. The United States Bankruptcy Court for the District of Puerto Rico granted Santander Financial Services' (hereinafter "Creditor") *Motion for Relief of Stay under 11 U.S.C. Section 362* [Dkt. No. 52] and denied Debtors' *Motion to Alter or Amend Order* [Dkt. No. 97]. The Debtors' appeal of these Orders[1] followed. The DPR's Opinion as to these two Orders states in relevant part:

> … this Court remands the motion for reconsideration…for it to be considered by the Bankruptcy Court, which can either grant or deny the same, accordingly.
> …
>
> For the reasons discussed above, the Court **AFFIRMS** the Bankruptcy Court's order granting Creditor relief from stay under 11 U.S.C. § 362(d)(1) and **REMANDS** the Bankruptcy Court's order denying Debtors' motion for reconsideration to consider arguments therein.

DPR's Opinion, page 7 (emphasis theirs).

---

[1] This court's Order granting Creditor's lift of stay is found in docket number 87. The Order denying the Debtors' motion for reconsideration, can be found at docket number 104.

-1-

As such, this court will consider the Debtors' *Motion to Alter or Amend Order* [Dkt. No. 97] and Creditor's *Opposition to Debtors' Request to Alter or Amend Order at DK. NO 87 or from Relief from said Order* [Dkt. No. 101] in keeping with DPR's Opinion.

Federal Rule of Civil Procedure 59 applies to bankruptcy cases pursuant to Federal Rule Bankruptcy Procedure 9023. Accordingly, if, as in this case, the motion is "filed no later than 14 days after the entry of judgment," the motion is examined under the severity of Rule 59(e). Id.; Marie v. Allied Home Mortgage Corp., 402 F.3d 1, FN2 (1st Cir. 2005) ("We note that it is very difficult to prevail on a Rule 59(e) motion."). For a Rule 59 motion to succeed movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 287 (D.P.R. 1998) (quoting Jorge Rivera Surillo & Co. v. Falconer Glass Indus.,Inc., 37 F.3d 25, 29 (1st Cir. 1994)). As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that was overlooked by the court which may reasonably be expected to amend or alter its conclusion. Est. of Rivera v. Dr. Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995)).

After a thorough review of the motions, the court determines that Debtors' motion neither provides the court with genuine reasons why it should revisit the Order lifting the stay [Dkt. No. 87], nor compelling facts or law in support of reversing the prior decision. Debtors' basis for reconsideration stems from their belief that the Creditor acted in bad faith when it purportedly refused to ignore their proposal for adequate protection payments and proof of insurance coverage. The court, Debtors assert, lifted the stay protection without this updated information. The Debtors misconstrue the events of the August 29, 2017 final hearing on Creditor's motion to

-2-

lift the stay and the subsequent *Amended Minute Entry* [Dkt. No. 84]. In pertinent part, the language of the minute order states:

> Under §362(d)(1), the court orders the Debtors to acquire within ten (10) days the proper hazard insurance (fire and hurricane) for the property and to bring payments up to date. The Debtors will be paying seven (7) payments of $3,000.00 as adequate protection.
>
> By reconsideration requested by the Debtors, the Court grants the Debtors thirty (30) days to come up with an agreement with the movant, Mr. Suarez. If no agreement is reached, the Court will lift the stay under §362(d)(1).

*Amended Minute Entry* [Dkt. No. 84].

The minutes are clear as to the matters discussed at the August 29th, 2017 final hearing and the deadlines established by the court. The court determined at said hearing, that all the factors were present for the lift of stay to be granted on that date. It was only upon the Debtors' request for reconsideration, that the deadlines were established as a last opportunity for them to provide Creditor with proof of hazard insurance and pay the arrears owed on their adequate protection payments. It is undisputed that the adequate protection arrears payment was not made and that the proof of hazard insurance was not provided to Creditor within the time allowed.[2] Moreover, when the order lifting the automatic stay in favor of Creditor was entered on December 1, 2017, the Debtors had still not cured the arrears on the adequate protection payments nor provided proof of hazard insurance to Creditor.

Debtors' arguments notwithstanding, the court never conditioned the entry of the order lifting the stay on the parties' filing the status of their negotiations. Furthermore, the court allowing the Debtors thirty (30) days to reach an agreement does not obligate the Creditor to meet or respond to any proposal offered by them. This court cannot obligate any party to settle a

---

[2] Even allowing for the passage of Hurricane Maria which took place on September 20, 2017, the ten (10) days afforded the Debtors by this court to acquire hazard insurance over the collateral and to cure the arrears in adequate protection payments expired on September 8, 2017. No proof of hazard insurance was provided, nor were payments made to Creditor.

dispute. Lastly, the docket of the case demonstrates that no agreement between these parties as to the lift of stay was filed before the December 1, 2017 Order.

In their motion to reconsider, the Debtors fail to establish any of the required legal factors discussed above pursuant to Fed. R. Civ. P., 59(e). Moreover, the court finds the argument raised in the Creditor's opposition compelling and legally sound.[3] Debtors have failed to establish the legal requirements for reconsideration under Rule 9023 of the Federal Rules of Bankruptcy Procedure, and therefore, their *Motion to Alter or Amend Order* [Dkt. No. 97] is DENIED. The stay remains lifted in favor of Creditor.

SO ORDERED

In San Juan, Puerto Rico, this 26th day of February, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

---

[3]Commencing on page 6, subsection (b) and continuing to page 11 of Creditor's opposition, the requirements for a court to alter or amend an order pursuant to Fed. R. Civ. P. 59 are analyzed. This argument is separate and distinct from the one ruled upon in DPR's Opinion which focused exclusively on the procedural defects of the Debtors' motion to reconsider.

-4-